# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **FAZZINO INVESTMENTS, LP,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:25-CV-00001-ADA-DTG** |
| | § | |
| **BRAZOS VALLEY GROUNDWATER** | § | |
| **CONVERSATION DISTRICT,** | § | |
| *Defendant,* | § | |

## REPORT & RECOMMENDATION TO
## DENY MOTION TO CERTIFY CLASS (DKT. NO. 31)

**TO:    THE HONORABLE ALAN D ALBRIGHT,
          UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the plaintiff, Fazzino Investments, LP's motion to certify class (Dkt. No. 31). The motion has been fully briefed, and on December 15, 2025, the Court heard arguments from the parties. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** the motion to certify class be **DENIED.**

## I.      BACKGROUND

The class action arrives out of an alleged taking involving groundwater property rights. The plaintiff, Fazzino Investments, LP, is a Texas limited partnership that owns a 69-acre tract of land in Robertson County, Texas. The tract lies over the Simsboro Aquifer, and it does not have a pre-September 14, 2023, groundwater well permitted or drilled on the acreage. Dkt. No. 31 at

2. The defendant, Brazos Valley Groundwater Conservation District, governs groundwater production in Brazos and Robertson counties. *Id.* The plaintiff desires to sell its groundwater production rights to a commercial groundwater production company. However, on September 14, 2023, the defendant revised and adopted amendments to its rules governing water production. The plaintiff claims that because of those amendments, drilling a commercial water well on the plaintiff's property is no longer economically feasible. *Id.*

The plaintiff alleges harm from changes to District Rules 6.1 and 7.1. Before September 2023, Rule 6.1(b)(2) required all new wells drilled in the district to be surrounded by one foot of land per one gallon per minute ("GPM") of average annual production rate or capacity. *Id.* at 3. Since September 2023, the amended Rule 6.1(b)(2) required all new wells drilled in the district to be surrounded by two feet of land. *Id.* The plaintiff contends that this change results in a significant increase in the number of contiguous acres required to maintain a well— for example the new rule allegedly requires 2,596 acres for a 3,000 GPM well, while the old rule only required 649 acres. *Id.* at 3-4. The plaintiff contends that this constitutes an unconstitutional taking of the plaintiff's and putative class members' groundwater property rights. *Id.* at 4.

Additionally, when Rule 7.1 was amended in September 2023, it changed the law to prohibit new wells from having a "contiguous acreage circle" that overlaps with any other well in the same aquifer. *Id.* at 5. The plaintiff alleges that this requirement effectively condemns groundwater rights within a landowner's contiguous acreage that do not fall within the geometry of a circle. *Id.* Those portions of the plaintiff's and putative class members' tracts outside the circles surrounding proposed new groundwater well sites are allegedly condemned by the amended Rule 7.1(c)(1). *Id.*

The plaintiff alleges that these actions result in a taking of the plaintiff's and potential class members' groundwater property rights in violation of the Fifth Amendment to

the United States Constitution, 42 U.S.C. § 1983, and the Texas Constitution. *Id.* at 8-9. The plaintiff seeks injunctive and declaratory relief in the form of repealing the amended Rule 6.1 and 7.1 and applying the pre-September 2023 Rule 6.1 and 7.1 uniformly across all real property located in the district. *Id.* at 9.

The plaintiff seeks to certify class for those affected by the changes to Rule 6.1 and 7.1—arguing that the plaintiff and putative class members have suffered both a per se and a regulatory taking. *Id.* at 9. With specific exclusions, the plaintiff's proposed class definition includes "[a]ll individuals and entities that own land in Brazos and Robertson Counties, Texas, over the Simsboro Aquifer of at least 35 contiguous acres that do not have a pre-September 14, 2023, groundwater well permitted or drilled on their acreage." *Id.* at 2.

All parties named in the complaint appeared and presented evidence and argument at the December 15, 2025, hearing and the issue of class certification was taken under advisement. Dkt. No. 56. For the following reasons, the plaintiff's motion is **DENIED**.

## II.     ANALYSIS

The plaintiff's motion for class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Class certification is only proper if the Court is satisfied that "after *rigorous analysis*," the requirements of Rule 23 are met. *See Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542 (5th Cir. 2020) (emphasis in original) (vacating the district court's class certification order because the court failed to engage in a rigorous analysis when certifying the class). It is not enough for the Court to "review a complaint and ask whether, taking the facts as the party seeking the class presents them, the case seems suitable for class treatment." *Id.* at 546 (citation omitted). The merits of the plaintiff's underlying claims may be considered only to the extent they are relevant to determining whether Rule 23's requirements for class certification

are met. *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013) (citations omitted).

To obtain class certification, the plaintiff must demonstrate four requirements under Rule 23(a). *Id.* at 460. First, the plaintiff must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Second, the plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Third, the plaintiff must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Finally, the plaintiff must establish that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The plaintiff must also demonstrate that the action can be maintained under Rule 23(b)(1), (2), or (3). *Amgen Inc.*, 568 U.S. at 460.

Here, the plaintiff moves for class certification under Rule 23(b)(2). Dkt. No. 31 at 2. Certification under Rule 23(b)(2) is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The plaintiff, as the party seeking class certification, bears the burden of establishing that the requirements of Rule 23 are satisfied and that the case is fit for class-wide resolution. *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 253 (5th Cir. 2020).

After conducting a rigorous analysis under Rule 23, the Court finds that the plaintiff has failed to demonstrate that this case is fit for class-wide resolution. As explained below, the plaintiff's failed to provide sufficient evidence to satisfy the four requirements of Rule 23(a).

A. **The plaintiff failed to provide any evidence about the putative class members to the Court.**

Rule 23 does not set forth a mere pleading standard but requires proof that holds up to rigorous analysis. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). The court may rely on reasonable, common-sense assumptions and inferences to satisfy the requirements of Rule 23, but unsupported allegations are an insufficient basis for certifying a class action. *Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529, 231 (N.D. Tex. 2005); *Stevens v. Ford Motor Co.*, No. 2:18-CV-00456, 2022 WL 19978265 (S.D. Tex. Sept. 29, 2022). Here, the plaintiff rests its argument for satisfying the requirements of Rule 23 on the presumption that the proposed class members suffered a taking because they, like the plaintiff, own property subject to amended Rule 6.1 and 7.1. However, the motion does not include any evidence to support that allegation. The plaintiff has not included any affidavits or other evidence from other landowners demonstrating that they have suffered a similar harm. Relying solely on an assumption, without supporting evidence, requires the Court to make inferences on unsupported allegations. It is just as likely that all or a significant number of landowners purchased their land after the rule change and with full knowledge of the rule, in which case they would have suffered no harm. The plaintiff's failure to provide additional evidence to support its assumption does not meet the Rule 23 standard.

B. **Without evidence about the proposed class members, the requirements of Rule 23 cannot be met.**

After rigorous analysis, the Court finds that the plaintiff has failed to affirmatively demonstrate his compliance with all four of the requirements under Rule 23. Those requirements

are referred to as numerosity, commonality, typicality, and adequacy. The Court discusses each in turn below.

### 1. Numerosity

Before certifying a proposed class, the court must find that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To satisfy the numerosity requirement, a "reasonable estimate of the number of purported class members" is sufficient. *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016). However, the number of members in a proposed class is not determinative of whether joinder is impracticable. *Id.* Rather, "a number of facts other than the actual or estimated number of purported class members may be relevant to the 'numerosity' question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Id.* (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

The plaintiff argues that the putative class easily satisfies the numerosity requirement but points only to the alleged number of properties—over 100 properties. Dkt. No. 31 at 11. To support this contention, the plaintiff cites the testimony of the defendant's general manager, Mr. Day, who speculates that there are more than 100 properties and describes how one could use public information to determine how many fit the plaintiff's proposed definition. *Id.* (citing Dkt. No. 31-6 at 251:24-256:20). The plaintiff also cites its expert's declaration, who again identifies parcels of land that fall within the proposed definition, but notes that many of the tracts have the same owners. *Id.* (citing Dkt. 31-2 ¶ 16). Thus, the number of potential plaintiffs will be some number smaller than the number of properties. Dkt. No. 31-2 ¶ 16. The plaintiff relies on an inference that based on the large number of properties, and the smaller but still large number of permits, there is a sufficiently large number of class members whose joinder is impracticable.

The Court disagrees. While a reasonable estimate of the number of purported class members is sufficient to satisfy the numerosity requirement, the lack of information here does not allow for even a reasonable estimate. The Court finds that Plaintiffs have not satisfied their burden of proof on the numerosity element. The Court, however, does not base its denial of class certification solely on the plaintiff's failure to establish numerosity, because the defendants do not object to class certification on this basis.

### 2. Commonality and Typicality

A class action may be certified only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Putative class members must raise at least one contention that is central to the validity of each class member's claims. *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014). The plaintiff must also show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This is demonstrated "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Silver Buckle Mines, Inc. v. United States*, 132 Fed. Cl. 77, 100 (2017). These requirements, known as the commonality and typicality requirements, necessitate some level of property-by-property inquiry. This requires evidence the plaintiff has not provided.

The Supreme Court has explicitly recognized that the required "rigorous analysis" of the Rule 23(a) prerequisites frequently will entail some overlap with the merits of the putative class claims. *Wal-Mart Stores, Inc.*, 564 U.S. at 350–51; *see also Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). The plaintiff claims the putative class members have all suffered a per se and regulatory taking like the plaintiff, which entitles them to class-wide relief. Dkt. No. 31 at 9.

A per se taking occurs when the government physically takes or invades private property for itself or someone else. *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147-49 (2021). The

plaintiff argues that because of the fleeting nature of groundwater, the plaintiff's and putative class members' ability to offset drainage and prevent confiscation of water by their producing neighbors has been reduced or eliminated altogether. Dkt. No. 6. To determine whether the proposed class members have experienced a per se taking, the Court would need evidence of drainage. The Court cannot simply infer that drainage is happening.

A regulatory taking occurs when the government imposes regulations that go too far and restrict an owner's ability to use his own property. *Cedar Point Nursery*, 594 U.S. at 147-49. When the government, rather than appropriating private property for itself or a third party, instead imposes regulations that restrict an owner's ability to use his own property, courts apply the flexible test developed in *Penn Central Transportation Co. v. New York City*. 438 U.S. 104 (1978). This requires balancing factors such as the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government action. *Id*. at 124. This analysis inherently requires an analysis of individualized factors that cannot be assumed by the Court merely based on the plaintiff's pleadings.

With no evidence about the putative class members property, underlying factors, or injury, the Court cannot complete the necessary analysis to determine the commonality and typicality requirements. The plaintiff has presented no evidence of other land-owners use of their property or their investment-backed expectations. For example, it is entirely plausible that other landowners purchased their property with full knowledge of the regulations that the plaintiff complains about or that others had no intention of producing water in any meaningful quantities. Thus, the Court finds that the plaintiff has not met its burden in established the commonality and typicality prerequisites under Rule 23.

### 3.  Adequacy of Representation

The final prerequisite to class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement encompasses three separate but related inquiries (1) the zeal and competence of the representatives' counsel; (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflicts of interest between the named plaintiffs and the class they seek to represent. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005). Here, the Court finds that the plaintiff is not an adequate representative of the putative class because its interests could be antagonistic to the interests of others in the prospective class. If part of the plaintiff's alleged harm is that those with larger properties are able to "drain" neighboring property owners, there is potential conflict between large and small landowners. Additionally, as noted by the defendant's counsel at the hearing, the property of large landowners is likely more valuable because of the regulation as it limits competition from smaller land owners. The plaintiff carries the burden to prove that there is no risk of conflict between the putative class members. The plaintiff relies entirely on argument and has presented no evidence to address such potential conflicts. Without more information, the Court cannot find that the plaintiff will fairly and adequately protect the interests of the class.

### III.    RECOMMENDATION

As detailed above, the plaintiff failed to present sufficient evidence to satisfy the rigorous analysis for class certification. For that reason and as detailed above, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the plaintiff's motion for class certification (Dkt. No. 31) be **DENIED**.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 11th day of March, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE