# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **ANTHONY FAZZINO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:18-CV-00114-JCM** |
| | § | |
| **JAN A. ROE, BILLY L. HARRIS,** | § | |
| **BRYAN F. RUSS, JR., JAYSON** | § | |
| **BARFKNECHT, MARK J. CARRABBA,** | § | |
| **GORDON PETER BRIEN, and** | § | |
| **STEPHEN C. CAST, in their individual** | § | |
| **capacities and in their official capacities** | § | |
| **as directors of the Brazos Valley** | § | |
| **Groundwater Conservation District, and** | § | |
| **THE BRAZOS VALLEY** | § | |
| **GROUNDWATER CONSERVATION** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment ("Defendants' MSJ," ECF No. 57), and Plaintiff's Motion for Summary Judgment on Plaintiff's Equal Protection Claim ("Pl.'s MSJ," ECF No. 106). The Court has also considered all responses, replies, objections, and sur-replies, as applicable, to the previously listed Motions. For the following reasons, the Court **ORDERS** Defendants' Motion for Partial Summary Judgment be **GRANTED**, and Plaintiff's Motion for Summary Judgment be **DENIED**.

# I.
## INTRODUCTION

Defendants' groundwater conservation district constitutes a governmental entity, or body politic, of the State of Texas. Pl.'s Am. Compl. at 8, ECF No. 53. Defendants' district is a legislative creation designed to "protect and recharge groundwater and to prevent pollution or waste" within the district's boundaries. Def.'s MSJ at 2; Pl.'s MSJ at 6. To carry out their legislative charge, Defendants routinely held public meetings to solicit comments about proposed rules and rule changes. *See*, *e.g.,* Defs.' MSJ at Exs. A-E.

On December 2, 2004, consistent with public notice requirements, Defendants adopted new rules that, in part, enabled the district to distinguish between Existing Wells and New Wells. Pl.'s Am. Compl. at 13. The new rules defined an Existing Well as "a groundwater well within the District's boundaries, for which drilling or significant development of the well commenced before … December 2, 2004." *Id.*

Months prior to Defendants promulgating the new rules, the City of Bryan had purchased land, commenced with surveys, and contacted the relevant Texas governmental authorities for environmental oversight in order to get approval for the well at issue in this case, Well No. 18. *Id.* at Exs. G, H. Five weeks before Defendants changed the rules, the City of Bryan notified it of its intentions to complete the project. *Id.* While a majority of the pre-drilling construction had occurred prior to the rules being disseminated, the well was actually "spudded in" just days after the rules were adopted. *Id.* Approximately eighteen months following the rule change, the City of Bryan applied for a permit for Existing Well No. 18 to produce 3,000 gallons per minute. Pl.'s Am. Compl. at 18. Because Well No. 18 had undergone substantial development prior to the rule changes, it qualified as an "Existing Well" that exempted it from spacing requirements and

production limitations. *Id.* at 18, 23; Ex. I at Rules 6.1 and 7.1. Therefore, Defendants approved its permit in February 2007. *Id.* at 20.

The conflict in this case arose when plaintiff Anthony Fazzino ("Fazzino") applied for a permit in April of 2017 to drill a new groundwater well that would also produce 3,000 gallons per minute on his own property. *Id.* at 23. Because Fazzino did not own sufficient acreage to meet spacing requirements, Defendants provided him an alternative drilling proposal that would allow him to maximize his holding and allow him to produce up to 800 acre-feet of groundwater per year. *Id.* at 24. Defendants also allowed his existing application to expire without prejudice to enable him to amend and refile. *Id.* at 24-27.

Fazzino opted instead to file suit alleging multiple causes of action. After Plaintiff's claim was dismissed for failing to state a claim upon which relief could be granted, Plaintiff, alongside another plaintiff who is no longer a party to this suit, appealed to the Fifth Circuit. ECF No. 29, USCA's Remand. On remand, Fazzino's case has been narrowed to two central issues: (1) whether the impact of the City of Bryan's Well No. 18 on Fazzino's groundwater constitutes a taking under the Fifth Amendment of the Constitution for which he is entitled adequate compensation, and (2) whether Defendants' treatment of Fazzino constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. *See generally* Pl.'s Am. Compl. Plaintiff's and Defendants' Motions for Summary Judgment currently before the Court are limited only to the second claim.

## II.
## RELEVANT LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is not genuine if the trier of fact could not, after an examination of the record,

find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden of demonstrating no genuine dispute of material fact exists lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That said, the moving party can satisfy its burden either by producing evidence negating a material fact or pointing out the absence of evidence supporting a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). Throughout this analysis, the court must view the movant's evidence and all factual inferences therefrom in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).

### III.
### ANALYSIS

Defendants' Motion for Partial Summary Judgment presents two independent, alternative arguments for summary judgment. *See generally* Defs.' MSJ. Defendants' argue that Fazzino's equal protection claim fails because his Complaint does not show (1) unequal treatment, nor (2) want of a rational basis for the alleged disparate treatment of Fazzino by Defendants. *Id.* at 7. The Court agrees on both counts. First, the Court will analyze whether Fazzino experienced unequal treatment. Second, and in the alternative, the Court will apply rational basis review to determine whether Defendants' conduct otherwise ran afoul of the protections afforded under the Equal Protection Clause of the Fourteenth Amendment.

**A. As a matter of law, Fazzino has failed to raise an issue of material fact that he was intentionally treated differently from others similarly situated.**

The Equal Protection Clause of the Fourteenth Amendment requires that defendants treat similarly situated persons alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). Because Fazzino's complaint did not identify a "class" of persons affected by Defendants' actions, Fazzino's case presents a "class-of-one" equal-protection claim. Defs.' MSJ

at 9; *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Even under such "class-of-one" equal protection claims, plaintiffs are still burdened with identifying allegedly "similarly situated" comparators and must provide specific facts to support the conclusion of similarity. *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018).

The Fifth Circuit has "disavowed any precise formula to determine whether a plaintiff is similarly situated to comparators." *Lindquist v. City of Pasadena,* 669 F.3d 225, 234 (5th Cir. 2012). The Fifth Circuit instead held that the full spectrum of factors such as "the plaintiff's and comparators' relationships with the ordinance at issue" must be considered. *Id.* This standard nevertheless requires plaintiffs to plead facts demonstrating that their allegation of similarity is plausible. *See Davis v. Tex. Health & Human Servs. Comm'n,* 761 F. App'x 451 (5th Cir. 2019) (per curiam).

Here, Fazzino has failed to show a genuine issue of material fact that he is similarly situated to the cities of Bryan or College Station. The only evidence tendered by Fazzino that would work to establish similarity between him and the City of Bryan is that he owns land atop the same aquifer as the City of Bryan and that both applied for production permits. Pl.'s Response at 3, ECF No. 59. However, when these facts are considered in the context of the timeline of events, Fazzino's claim of similarity no longer remains plausible.

First, Fazzino identifies the City of Bryan's Well No. 18 as his central comparator, yet the City of Bryan began applying for, began development on, and spudded its well more than a decade before Fazzino even applied for permitting. Defs.' MSJ at 11-12. Second, the record confirms that Fazzino did not even own the property at issue in 2004 when the City of Bryan filed for its permit. *Id.* at 8. These facts establish a complete temporal break between these alleged comparators. The Court, therefore, holds that, for the purposes of the similarly situated

analysis, Fazzino's aspirational well must, as a matter of law, be considered legally dissimilar from Bryan's Well No. 18.

Fazzino argues that the delineation between "existing" and "new" wells is nothing more than a legal fiction created to justify treating the City of Bryan and Fazzino differently. Pl.'s Response at 9. The authority cited for this proposition, *Williams v. Vermont*, concerned, however, the constitutionality of levying state vehicle taxes uniquely against out-of-state residents, and whether it was a defense to argue that all out-of-state residents were discriminated against equally. 472 U.S. 14, 27. By contrast, since this case involves a class-of-one discrimination claim, the Court is required to look towards the treatment of similarly situated comparators. *Rountree*, 892 F.3d at 685.

Plaintiff incorrectly conflates this category of equal protection claims with those cases involving readily identifiable classes, such as those involving the disparate treatment of out-of-state residents. In addition, Fazzino's stance would require the Court to adopt a holding that treats evidence of dissimilarity between a plaintiff and its comparators as evidence, ipso facto, of discrimination. Such a holding would render the similarly situated requirement moot.

In conclusion, because the Court concludes that Fazzino has failed to proffer evidence raising a genuine issue of material fact with respect to whether Defendant intentionally treated Fazzino different from others similarly situated, the Court does not need to determine whether Defendants' actions would survive the second stage of a class-of-one Equal Protection Clause analysis, rational basis review, in order to grant Defendants' Motion for Partial Summary Judgment. In an abundance of caution, however, the Court will now turn to the second stage of the equal protection clause analysis.

**B. As a matter of law, Fazzino has failed to raise an issue of material fact negating the rational bases for Defendants' disparate treatment of Fazzino.**

The second stage of the equal protection analysis will turn on whether Fazzino has proffered enough evidence to create a genuine issue of material fact that Defendants' disparate treatment of Fazzino was not supported by a rational basis. Rational basis review generally entitles governmental decisions to a "strong presumption of validity," and this Court must uphold any such governmental decisions "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Da Vinci Inv., Ltd. P'ship v. City of Arlington, Tex.,* 747 F. App'x 223, 227 (5th Cir. 2018) (quoting *Heller v. Doe by Doe*, 509 U.S. 312, 319–20 (1993)). A plaintiff attacking the presumption of validity has the burden "to negative every conceivable basis which might support it." *Glass v. Paxton,* 900 F.3d 233, 244–45 (5th Cir. 2018) (quoting *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 315 (1993)).

The Texas Water Code provides further clarity: "When creating rules, [Groundwater Conservation Districts] must consider 'groundwater ownership and rights'; 'the public interest'; and 'develop rules that are fair and impartial.'" *Stratta v. Roe,* 961 F.3d 340, 360 (5th Cir. 2020) (citing Tex. Water Code 36.101(a)(2)-(4)). In other words, the TWC requires the Court to balance the interests of constitutionally protected private property rights, with the increasingly zero-sum water supply of the state of Texas.[1] All of this must be achieved while preserving procedural and substantive equity throughout the legal process. The Court's review, however, must not be confined to explicit evidence of legislative purpose; "if [this] court is able to hypothesize a legitimate purpose to support the action," such actions must be treated as valid. *Glass*, 900 F.3d at 244-45.

---

[1] The Texas Water Development Board "expects Texas' water supply and demand to diverge steadily over the next 50 years, resulting in a supply shortfall of about 8.9 million acre-feet per year by 2070." Spencer Grubbs et al., *Texas Water: Planning for More*, Texas Comptroller, April 2019, https://comptroller.texas.gov/economy/fiscal-notes/2019/apr/tx-water-planning.php

1. **Treating "Existing Wells" and "New Wells" differently is supported by a rational basis.**

While the Court is not limited to finding rational bases only from the specified legislative intent behind Defendants' Groundwater Conservation District, such language provides a well-written and succinct articulation that serves as a useful starting point. Defendants' District was created as a part of the Central Carrizo-Wilcox Groundwater Management Act "to protect and recharge groundwater and to prevent pollution or waste of groundwater … to control subsidence caused by withdrawal of water … and to regulate the transport of water out of the boundaries of the district." Act of May 26, 2001, 77th Leg., R.S., ch. 1307, § 1.02(1), 2001 Tex. Gen. Laws (H.B. 1784). This mandate vested in the defendants the authority to "make and enforce rules … to provide for conserving, preserving, protecting and recharging of the ground or of a groundwater reservoir." Tex. Water Code § 36.101(a).

Defendants present rational bases for distinguishing between existing wells and new wells: "Rational bases for the distinction drawn by the Rules include the protection of the aquifer, protection of existing-well owners' property rights and investment-backed expectations and preventing a rush to establish preferred rights through future drilling." Def.'s MSJ at 14.

Fazzino argues that, because the City of Bryan's Well No. 18 was not yet producing at the time Defendants' new rules were promulgated, it was not an existing well but rather a new well. Pl.'s Response at 4-5. Therefore, Fazzino asserts the rational basis for distinguishing between existing wells and new wells cannot be invoked. *Id.* The Court disagrees. The Texas Supreme Court has recognized the validity of distinguishing between existing wells and new wells. *Guitar Holding Co., L.P. v. Hudspeth County. Water Conserv. Dist. No. 1*, 263 S.W.3d 910, 912 (Tex. 2008). Fazzino asserts that this authority explicitly prevents recognizing wells as existing wells if

they have yet to actually produce water. Pl.'s Response at 5. However, the court in *Guitar* also stated, "Chapter 36 [of the Texas Water Code] authorizes a groundwater district to establish different rules and limits for historic or existing use, in effect, grandfathering landowners' historic use to **protect their existing investments and activities**." *Id.* at 917 (emphasis added).

Here, it is conceivable that Defendants granted the City of Bryan's Well No. 18 the classification of "existing well" in order to protect the City's (and its affected residents) "existing investments and activities." *Id.* There is no genuine issue of material fact that Defendants' classification of existing wells and new wells is supported by rational bases. Because there is no fact issue and these classifications survive rational basis review, Fazzino's class-of-one equal protection claim must necessarily fail. In the alternative, the Court will also analyze whether Defendants' disparate treatment of Fazzino and deferential treatment of parties like the City of Bryan is otherwise valid under rational basis review.

### 2. Treating pre-existing municipal water suppliers differently from new, private groundwater owners is supported by a rational basis.

The Court now turns to whether Groundwater Conservation Districts have any conceivable rational bases for treating pre-existing municipal water suppliers different from new, private groundwater owners when it comes to granting applications for future water development. For the purposes of this motion for partial summary judgment, the Court is only addressing the equal protection claim and rational basis review, and it is not tasked with answering the issues raised in cases like *Edwards Aquifer Auth. v. Day*, such as whether the municipalities potentially taking water from Fazzino's property for public use owe him adequate compensation. 369 S.W.3d 814, 42 (Tex. 2012).

While Texas law does recognize that "a landowner owns the groundwater below the surface of [the] landowner's land as real property," these property rights are not unlimited. Tex.

Water Code § 36.002(a)-(d). For the purposes of rational basis review, there are two central limitations that must be addressed. First, the Texas Water Code "does not entitle a landlord, including a landowner's lessees, heirs, or assigns, to the right to capture a specific amount of groundwater below the surface of that landowner's land." *Id.* at (b-1)(1). Second, the Texas Water Code "does not affect the ability of a district to regulate groundwater production as authorized under … special law governing a district." *Id.* at (d)(2). Groundwater Conservation Districts (*e.g.,* Defendants) are one type of special legal relationship authorized by the Texas Water Code to regulate groundwater production.

Here, Fazzino has failed to proffer sufficient evidence to create a genuine issue of material fact that groundwater conservation districts, such as the one operated by Defendants, do not have rational bases for treating municipal water suppliers differently from private groundwater owners. Fazzino does not have an unlimited right to capture "a specific amount of groundwater," and Defendants have statutory authority to "regulate groundwater production" within the Brazos Valley Groundwater Conservation District. Tex. Water Code § 36.002(a)-(d). Fazzino, therefore, would need to negate any conceivable rational basis for why Defendants might permit a similarly situated well applicant to produce more or less water than Fazzino. In other words, given the language used in the Texas Water Code, evidence that one applicant received much greater production limits does not serve, de facto, as evidence of discrimination.

It is conceivable that Defendants could authorize two landowners with equal surface acreage to have vastly different water production permits in order to sustain aquifer pressure, prevent groundwater pollution, prevent groundwater waste, and to promote aquifer recharge. The record confirms that such permitting decisions are made on a permit-by-permit basis, and it would be impossible to fully understand any one permitting decision without understanding the

Page 10 of 12

hydrological variables at play in any given proposed drilling operation. *See generally* Defs.' MSJ. It is immaterial whether Fazzino's aspirational well is guaranteed to run afoul of one of Defendants' specifically enumerated goals. Instead, it is enough that authorizing Fazzino's well creates the potential, by justifying a flood of other permit applications not satisfying the necessary acreage requirements for new wells, for collapses in artesian well pressure, for groundwater pollution and contamination from overdevelopment, and for undermining groundwater recharge efforts.

This case did not involve Fazzino competing with the City of Bryan simultaneously to have a permit with equal production. Instead, this case conceivably involves a large municipal water supplier for a rapidly growing city getting approval from Defendants in order to future-proof the City of Bryan's water supply. With respect to this rational basis, Fazzino has failed to create a fact issue. Because there is no fact issue whether Defendants' actions pass rational basis review, their actions do not constitute a violation of the Equal Protection Clause of the Fourteenth Amendment.

## IV.
## CONCLUSION

Accordingly, it is **ORDERED** that the Motion of Defendants for Partial Summary Judgment (ECF No. 57) be **GRANTED**.

It is further **ORDERED** that Plaintiff Fazzino's Motion for Summary Judgment on his Equal Protection Claim (ECF No. 106) be **DENIED**.

This matter is currently set for trial on **Monday, November 1, 2021,** before the Court. *See* ECF No. 101. The issue(s) remaining for resolution at trial include, but are not strictly limited to:

- Whether Defendants' actions in capturing Fazzino's groundwater constitute a taking under the Fifth Amendment; and,
- If so, whether Fazzino is entitled to adequate compensation for such a taking; and,
- If so, what measure or formula for calculating adequate compensation should be adopted.

**SIGNED this 23rd day of August, 2021.**

_____

**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**